IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

JESUS BOCANEGRA, RAUL MIRAMONTES and JOSE LUIS VILLEGAS-MACIAS

Defendants.

CIVIL ACTION NO.
1:13-CR-0039-AT-JSA

## **ORDER**

This case is before the Court on the Magistrate Judge's Reports and Recommendations ("R&R" or "Reports") [Doc. 118, 120]. The Reports recommend that the pending suppressions motions [Docs. 50, 52, 60, 113-117[1]] and the motion to dismiss [Doc. 51] be denied.

Federal Rule of Criminal Procedure 59(b) provides that a magistrate judge may make recommendations and proposed findings of fact on dispositive matters referred by a district judge. A party who wishes to object to such recommendations by a magistrate judge must "file specific written objections," and the "[f]ailure to object in accordance with [Rule 59(b)(2)] waives a party's right to review." Fed. R. Crim. P. 59(b)(2). Under Rule 59(b)(3), the "district judge must consider de novo any objection to the magistrate judge's

---

[1] As noted in the Magistrate Judge's subsequent R&R issued on March 3, 2014 [Doc. 120], Defendants' motions [59, 63, 64] were subsequently docketed as docket numbers 113 through 117.

recommendation." If no objections are filed to a magistrate judge's recommendation, the district judge reviews the report and recommendation for clear error and may "accept, reject, or modify" the magistrate's findings and recommendations. 28 U.S.C. § 636(b)(1). Where the parties do not file objections, 28 U.S.C. § 636 does not require the district court to review any issue in dispute de novo. However, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).[2]

Defendants filed timely objections to the Magistrate Judge's Reports and Recommendations [Doc. 118, 124]. The objections focused solely on the Magistrate Judge's determination that the thirty (30) day indictment requirement of the Speedy Trial Act[3] was not triggered by the state arrests in this case. Defendants contend that this finding emanated from the Magistrate Judge's erroneous assessment of the factual circumstances presented in this case as well as facial treatment of the arrests as effected legitimately under independent state authority. The Court has conducted a thorough de novo review of the hearing transcripts and record evidence in this case to evaluate this objection. Having conducted a complete review of the evidence presented by

---

[2] Here, Defendants made no objections to that portion of the Magistrate Judge's R&R recommending denial of Defendants' motions to suppress on Fourth and Fifth Amendment grounds. After reviewing these specific recommendations based on a clear error standard, the Court finds no error.
[3] *See* 18 U.S.C. § 3162(b).

Defendants, the Court concurs with the Magistrate Judge's ultimate finding and recommendation on the speedy trial issue.

Defendants' objections and evidence indicate that the Homeland Security Investigations (HSI) agents in this case strove mightily to make a federal case out of the Defendants' offense conduct, as they had taken the lead on this investigation since its inception. Indeed, local law enforcement had only been called into the case to assist in the ultimate search and arrest of the Defendants on November 15, 2012, more than a week after the HSI investigation began. The United States Attorney's office rejected the case several times, initially leaving the case for prosecution by the Gwinnett County District Attorney's Office on comparable state drug charges. Although the Magistrate Judge recognized that the "ruse" exception[4] might potentially apply in the proper case to trigger the provisions of the Speedy Trial Act, he concluded that its application here was not warranted.

The Court similarly finds that the evidence neither indicates that the Government used state criminal charges as a "ruse" nor as a cloak for its delay in prosecution of federal charges. *United States v. Woolfolk*, 399 F.3d 590, 596 (4th Cir. 2005) (holding that the Speedy Trial Act can be triggered by events other than actual federal custody and arrest when the Government "has knowledge than an individual is held by state authorities solely to answer federal charges"). Yes, the HSI agents manifestly hoped to persuade the U.S. Attorney's Office to

---

[4] *See United States v. Cordova*, 537 F.3d 1073, 1076 (9th Cir. 1976).

3

prosecute federal charges. However, the evidence does not demonstrate that the Defendants were held by Gwinnet County "solely to answer federal charges" or as an administrative device to excuse delays in the U.S. Attorney's Office's charging process. While HSI's lobbying for federal charges and the Government handling of the initiation of the federal prosecution may raise eyebrows, the course of the prosecution here does not rise to the level of abuse or prosecutorial neglect as to trigger the requirements of the Speedy Trial Act based on the date of the Defendants' state arrests on essentially the same charges.

The Court recognizes that abuse, ruse, or neglect on the part of the Government in the vein alleged by Defendants could potentially give rise to a Speedy Trial Act violation. However, the circumstances presented here still fall within the Government's legitimate exercise of its discretion and authority, consistent with the parameters of the dual sovereignty doctrine. *See United States v. MacDonald*, 456 U.S. 1, 10 (1982).

For the foregoing reasons, the Court **ADOPTS** the Reports and Recommendations [Doc. 118, 120] and **DENIES** the pending motion to dismiss and suppression motions [Docs. 50-52, 60, 113-117].

**IT IS SO ORDERED** this 25th day of June, 2014.

*[signature]*
**Amy Totenberg**
**United States District Judge**